**Roland B. BINUM, Plaintiff—Appellant,**

v.

**Laurie WARNER, in her official capacity as Director of the Employment Department of the State of Oregon, Defendant—Appellee.**

No. 07–35109.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 21, 2008.*

Filed Nov. 25, 2008.

Glenn N. Solomon, Portland, OR, for Plaintiff–Appellant.

Kenneth C. Crowley, Esq., AGOR–Office of the Oregon Attorney General, Salem, OR, for Defendant–Appellee.

Before: W. FLETCHER and FISHER, Circuit Judges, and BREYER,** District Judge.

## MEMORANDUM ***

Roland Binum appeals the district court's dismissal of his 42 U.S.C. § 1981 claim against Laurie Warner, in her official capacity as Director of the State of Oregon's Employment Department, for employment discrimination.

The district court held that the Eleventh Amendment barred Binum's claim and, alternatively, that Binum failed to state a claim because he did not "allege or suggest that his rights were violated as a result of a state 'policy or custom'" as § 1981 requires. *Binum v. Warner*, Opinion and Order, Civil No. 06–935–AA at 4–5, 2007 WL 54778 (D.Or. Jan. 4, 2007). Before examining these issues, we must address the threshold question of whether § 1981 provides Binum with the cause of action he asserts.

In *Pittman v. Oregon*, 509 F.3d 1065 (9th Cir.2007), this court held that § 1981 does not provide a cause of action against states. Because Binum sued Warner in her official capacity, his suit amounts to a

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

suit against the state of Oregon. *See Will v. Mich. Dep't. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("[A] suit against a state official in his or her official capacity is … no different from a suit against the State itself.") (citations omitted). Therefore, § 1981 does not provide Binum with the cause of action he asserts. Without a cause of action, Binum's suit cannot proceed.

We need not review the district court's conclusions regarding whether the Eleventh Amendment bars claims such as Binum's or whether claims against states, where permitted, require an allegation that the harm resulted from a state policy or custom.

AFFIRMED.